## Buys and Wife *against* Gillespie,

THIS was an action for *slander.* The declaration contained seven counts. The words spoken by the defendant, charged the wife of the plaintiff with *adultery.* The words were variously laid in the several counts; but no special damages were alleged. On a motion in arrest of judgment, the only question was, whether the words spoken by the defendant, and amounting to a charge of *adultery,* were in themselves *actionable.*

*Foot,* for the defendant. To maintain this action, the words should import some crime for which the plaintiff would have been punishable. By the common law, adul-

<div style="margin-left:2em;">Words charging a married woman with adultery, are not actionable in themselves, but the plaintiff must allege and prove some special damage in consequence of the words spoken.</div>

ALBANY,
Feb. 1807.

Buys & Wife
v.
Gillespie.

*7 Mod. 79.
2 Salk. 552.
693, 694, 695.
2 Sh·w. 25,
302. (284.)
Doug. 380. in
note. Stevi-
son and wife
v. Jones, 2
Term, 473.

[*116]

* 3 Wil. 186.

+ 6 Bac. Ab.
Slander, B.6.
Guillim's Ed.
1 Comyn's Di-
gest, 256. Ac-
tion on the
Case for De-
famation, D.
11, 12.
‡Laws of N,
Y. vol 1. p.
93,

tery is not an indictable offence.* No action lies in the common law courts for calling a woman a *whore* or *adulteress.* In England, the spiritual courts alone take cognizance of such causes.

*Allen* and *Henry,* contra. It is true, that the words stated in the declaration are not held to be actionable by the temporal courts of *England.* It is not pretended that any indictment will lie for adultery there; the party is left to his private action of *crim. con.* or for the abduction of the wife. In *England,* adultery is punishable only in the *ecclesiastical* courts, who act *pro salute animæ,* and for the reformation of morals.[*]In this state there are no ecclesiastical courts of this nature, and the same reason does not exist here why the civil courts should not lend their aid to punish such offences. To render words actionable, it is not necessary that the crime charged should be an indictable offence. Lord Chief Justice *De Grey,* in the case of *Onslow* v. *Horne,** extracts from the various decisions on this subject two general rules by which words are determined to be actionable. First, where words spoken impute some crime liable to punishment; and second, where they occasion some temporal loss or damage. There are many imputations against the moral character of a person which are not actionable, but if any temporal loss or damage follow, if the law attaches any loss or disability to the crime or act charged, the words become actionable. Thus, many acts, which were not punishable by common law, are made so by statute.† The act of this state.‡ in regard to divorces for adultery, speaks of a person *convicted,* which imports criminality. By this act, the marriage contract may be dissolved for adultery, and the adulteress not only loses her *dower,* but may be deprived of all support out of the estate of her husband, and is forever disabled from marrying a second time· The consequence, therefore, of the act is a punishment and loss of property. To call an heir apparent, who has lands in expectacy, a *bastard,* is actionable, though it be

not alleged that he lost his estate, or suffered any special damage.§ So if a woman has a copyhold *dum sola et casta fuerit*, an action will lie for calling her a whore.§§ The present case is clearly within the reason of these decisions; and considering the very injurious nature of the words, and the evil consequence of them to the plaintiffs, the court will feel disposed to sustain the action.

*Foot*, in reply, said that he did not deny the evil nature and injurious consequences of the words spoken; but he insisted, that until the legislature had declared adultery to be a crime, and had inflicted a punishment on the[*] party, the words could not, according to the English decisions, be considered as actionable. Marriage is regarded only as a civil contract; and in *England* adultery was attended with the loss of dower and maintenance as well as in this state. The law of that country on this subject, as established by their courts, was, therefore, in force in this state.

KENT, *Ch. J.* delivered the opinion of the court. This is a motion in arrest of judgment. The suit was for charging the plaintiff's wife with *adultery*; but no special damages were laid, and the question is, whether words to that effect be of themselves actionable.

It is very clear that they are not actionable by the English law. All the cases of actions for that species of defamation arise either upon the custom of the city of *London*, where lewdness in a woman exposes her to corporal punishment, or by reason of special damages specifically laid. During the time of the English commonwealth, when fornication and adultery were made crimes cognizable by the civil magistrate, it was indeed held, (*Hard.* 107.) that calling a woman a whore was actionable; but after the restoration, the new ordinances were abrogated, and the former decisions revived. (4 Co. 16. 1. *Roll. Abr.* 34. pl. 45. *Sty.* 352. 1 *Roll. Abr.* 36. *pl.* 40. 1 *Lev.* 134. *Comb.* 391. 2 *Ld. Raym.* 1004.) The only point before us then is, whether our statute relative to di-

*[Margin notes:]*

ALBANY,
Feb. 1807.

Buys & Wife
v.
Gillespie.

§1 *Rol.* 37. 2
*Rol*, 249.
§§ 1 *Lev.* 134.
1 *Sid.* 214.

[* 117]

vorces has, in respect to this action, made any new rule of law applicable. If it has not, we can only say with Lord *Holt*, (5 *Mod*. 104. *Comb*. 392.) that " such words are a great scandal, and ·for which, if we could, we would encourage an action, but the law has ordained otherwise."

An adulteress is liable to be prosecuted in chancery by her husband, and upon proof of the fact of adultery, the chancellor is directed to dissolve the marriage, and make such allowance to the wife as he shall deem proper; and the party convicted of adultery is prohibited to re-marry, and every such re-marriage is declared void. (*Laws of New-York*, vol. 1. p. 93.)

[*118]

[*] This is the only notice that our law takes of the sin of adultery.

In England, adultery is a cause of divorce only, e *mensa et thoro*. By this qualified divorce, the wife does not lose her dower, but neither party can re-marry; and the wife, although entitled in the spiritual court to alimony, is not entitled to administration on her husband's estate, nor will chancery decree her a distributive share. (*Prec. in Chan.* 111. 3 *Salk*. 138. *Bacon, tit. Dower*, c.1.)

The only essential difference then between the punishment of adultery in England and in this state is, that here it is punished by an absolute divorce, and consequently, on the part of the wife, with the loss of her dower. But the loss of dower ought, in my opinion, to be specially stated in the declaration; for it does not necessarily follow, that the husband was seized of any estate whereof the wife could be endowed. Whether this special averment of loss would be sufficient, it is unnecessary to say; but certainly we cannot otherwise take notice of this particular damage. In the case of *Humphries* v. *Strutfield*, (1 *Roll. Abr.* 39. l. 5.) it was held, that to call the plaintiff a bastard was actionable, because of the temporal damage; but there was an averment, that the plaintiff was heir apparent, and that his father was seized

of lands, and by reason of the words intended to disinherit him. Though there is some confusion in the cases, and *dicta* on this point, the better opinion undoubtedly is, that to call the son and heir apparent a bastard, is not actionable without assigning special damages. (*Nelson* v. *Staff, Cro. J.* 422. 1 *Vin.* 396. pl. 18. 2 *Vent.* 26. 28.) In the case of *Randal* and *Beal,* (1 *Roll.Abr.* 34. pl. 45.) it was held, that the averment of the danger of a divorce was not any temporal loss. The temporal damage arising from the loss of the right of dower, is too remote and contingent, unless it appear affirmatively, that the husband was seized of an estate of inheritance. It is not enough for a single woman to aver generally a loss of marriage; but she must state some particlar marriage which she has lost by means of the slander. (*Hunt* v. *Jones, Cro. J.* 499.) As to [*] the other inconvenience resulting from the conviction of adultery, they seem to be as great in England as with us; yet the charge is not of itself actionable. I have not thought it necessary to consider the act (*Laws of N. Y.* vol. 1. p. 123.) which adjudges *common prostitutes* to imprisonment, as disorderly persons, because the words used in the present case did not go to charge the plaintiff's wife with that offence. The judgment must therefore be arrested.

<div align="right">Judgment arrested.</div>