IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW YORK,

IN JANUARY TERM, 1835—IN THE FIFTY-NINTH YEAR OF
INDEPENDENCE.

---

### BRADT vs. TOWSLEY.

A *female*, charged with being a *prostitute*, may maintain an action for the
slander, provided she can prove *special damage;* and any damage, how-
ever slight, is sufficient to sustain the action : thus, an allegation that
in consequence of the speaking of the words, the plaintiff became de-
jected in mind and enfeebled in body, so as to be prevented from at-
tending to her ordinary business, was held, upon a demurrer to the dec-
laration, a sufficient averment of *special damage* to support the action.

THE declaration in this case is in *slander* for charging the
plaintiff, a *female*, with being a *prostitute*. Besides the gene-
ral allegation, that by means of the speaking of the words
charged in the declaration, the plaintiff was greatly injured in
her reputation and brought into public scandal, infamy and
disgrace, it was alleged that by reason of the scandal and dis-
grace brought upon the plaintiff by the speaking of the
words, she had become sad and dejected in mind, and ener-
vated, enfeebled and languid in body, for a long space of
time, to wit, for the space of six months, during all which
time she suffered and underwent great pain and anguish, and

was hindered and prevented from transacting her necessary affairs and business, to her damage of $5000. To this declaration the defendant put in a general demurrer.

*J. A. Spencer,* for the defendant. The words are not *per se* actionable. *Bacon's Abr. tit. Slander,* 5 *Johns. R.* 188. 2 *id.* 115. The *special damage* must be the consequence of the speaking of the words. *Starkie's Ev.* 847, 872. 1 *Chitty's Pl.* 386, 389. 1 *Wendell,* 507. That alleged in this case is not the legal and natural consequence of the words spoken. 8 *East,* 1. 19 *Johns R.* 228. 5 *Cowen,* 351.

*C. P. Kirkland,* for the plaintiff.

*By the Court,* Savage, Ch. J. It is now too late to interrupt the current of authority adjudging that words charging a *female* with *lewdness* are not actionable, though it is very palpable that the presumption of damage is quite as strong as in any case in which it is presumed. For instance, damage is presumed if one charges a clergyman with intemperance or profligacy, because they tend to his temporal damage. So a charge of dishonesty in a lawyer, bankruptcy in a merchant, ignorance in a physician, and many other cases ; but where a charge of want of chastity is made against a female, which has a tendency to destroy her charactar and prospects in life, no action lies unless she can prove *special damage.* The courts have long regretted that they had not authority to adjudge differently ; they have not the power, and legislatures have not the inclination to do justice to injured female innocence. The courts, sensible of the injustice of the law in this respect, have shown an inclination to lean in favor of such plaintiffs in regard to special damage ; and any damage, however slight, has been held sufficient to sustain the action. Thus, in *Moore v. Meagher,* 1 *Taunt.* 39, where the plaintiff averred that, by reason of similar charges, she had lost the benefit of the society and hospitality of friends who had previously entertained her gratuitously, the words were adjudged actionable, on the ground that the plaintiff sustained damage in consequence of the slanderous words. It is true that in

that case the plaintiff added that she had been deprived of an income, which probably would have continued but for the speaking of the words. So in *Olmsted* v. *Miller*, 1 *Wendell*, 506, the plaintiff in the court below stated the slenderous words to be a charge of lewdness, and alleged as special damage, that the keeper of a public house, on account of the slanderous words, refused to provide her with meat and drink, which was proved upon the trial ; and also that a person refused to take her into his family to reside, by reason of the slanderous words, until she cleared up her character; and although the plaintiff failed in her suit on another ground, yet it was said that the special damages was probably sufficient. In the case now before the court, the plaintiff alleges that she lost her health, and thereby became incapable of performing and transacting her necessary affairs and business. She does not indeed allege in terms a pecuniary loss, but alleges that which must necessarily involve such loss. It is said that the special damage must be the legal and natural consequence of the word spoken. On this point there is no difficulty ; the question now arises upon the declaration, and the plaintiff expressly avers that " by means of the speaking of which said several false, slanderous, malicious and defamatory words," she sustained the damage already mentioned. The truth of this allegation is admitted by the demurrer.

The only question, therefore, arising upon the record is, whether loss of health and consequent derangement of business is such a damage as will sustain a suit for slander. The damage alleging in this case is surely equal to that stated in *Moore* v. *Meagher* or *Miller* v. *Olmsted*. I am of opinion that it is sufficient, and of course that the plaintiff is entitled to judgment on the demurrer, with leave to the defendant to plead on payment of costs.