#### IN THE

## SUPERIOR COURT OF JUDICATURE,

#### FOR THE

## COUNTY OF GRAFTON, JULY TERM,

#### A. D. 1836.

---

## GEORGE HARRIS *vs.* GORDON BURLEY.

H brought an action against B for slanderous words, charging him, he being a trader, with dishonesty and fraud. It was *held*, that in order to maintain the action it must be proved that H was actually in trade at the time the words were spoken.

This was an action on the case for slanderous words. It was alleged in the declaration that the plaintiff is, and for some years last past hath been, a trader, in the employment of a co-partnership with N. Currier, by occupation, and hath, during all that time and now doth, exercise and carry on for his livelihood the calling and business of a trader and vender of goods and merchandize. Nevertheless, the said Burley, intending to injure the plaintiff in his good name and reputation, and ruin him in his said calling as a trader, did, on the 26th October, 1833, in presence of N. Currier and others, and in conversation with the same of and concerning the plaintiff in his said trade and business, utter and publish of and concerning the plaintiff in his said trade and business the following false and scandalous words.

"How can it be that George and Hubbard have got so much money, unless they have got it out of you and me? I advise you to have nothing to do with the Harrises, for they are dishonest fellows. Where did George get all his

money to buy so much land with, unless he got it out of you and me ? I have no doubt that George has taken a great deal of money from you, and Hubbard has taken a great deal from me."

And the plaintiff further in fact says, that on the 24th September, 1833, in a certain other discourse and conversation with divers other citizens, of and concerning the plaintiff, as a trader as aforesaid, with intent and contrivance, and for the purposes aforesaid, the said Burley uttered and spoke the following false and scandalous words :

"He has got money out of Currier," meaning that the plaintiff had fraudulently got money out of Currier.

By means of the speaking and publishing of which several false, scandalous and defamatory words, and of the said false and malicious charges, the plaintiff is greatly injured and prejudiced in his good name, and character, and reputation, and has been suspected and believed to have acted unworthily, unjustly, corruptly, deceitfully and fraudulently, in his said business and calling.

The cause was tried upon the general issue, at November term, 1835. The speaking of the words, as laid in the declaration, was proved. It appeared that the plaintiff had been in trade as copartner with N. Currier, but at the times of the speaking of the words stated in the declaration, and for some time before, he had ceased to be engaged in trade.

On the part of the defendant it was objected, that this evidence did not prove the plaintiff to be a trader at the times when the words were spoken ; but the court being of opinion that proof of the plaintiff's being a trader by occupation, without showing him to have been actually engaged in trade at the times of speaking the words, was sufficient, directed the jury accordingly.

The jury having returned a verdict in favor of the plaintiff, the defendant moved for a new trial, on the ground that the jury were misdirected.

*Bartlett*, and *Rogers*, for the plaintiff.

*Bell, Quincy*, and *Weeks*, for the defendant.

The opinion of the court was drawn up by RICHARDSON, Chief Justice.

There are two counts in this declaration.

The ground of action stated in the first count is, that the plaintiff, being a trader, the defendant said of him that he was dishonest.

The injury stated in the second count, is that the plaintiff, being a trader, the defendant said of him that he had fraudulently got money of Currier.

There are no special damages laid in the declaration. 10 *Johnson* 281, *Herrick* vs. *Lapham ;* 2 *Chitty's Pl.* 261 ; 1 *Saunders* 143, *b, note 5.*

Some words are actionable in themselves. This is the case with all words which must, from the nature of the case, be injurious to the reputation of the person of whom they are spoken. Words which contain an express imputation of some crime liable to punishment, belong to this class. 1 *Caine's Rep.* 347, *Hopkins* vs. *Beedle ;* 5 *Johnson* 188, *Brooker* vs. *Coffin.*

In a suit for words actionable in themselves, it is unnecessary to allege any special damage.

Words which naturally tend to injure a man in his office, trade, business or profession, are actionable in themselves, without alleging any special damage.

Thus to say of an inkeeper, *he is a bankrupt,* is actionable. 7 *D. & R.* 649, *Whitaker* vs. *Bradley.*

So to say of a corn-dealer, *you are a rogue.* 3 *Bingham* 104, *Thomas* vs. *Jackson.*

So to charge a clergyman with drunkenness. 13 *Mass. R.* 248, *Chaddock* vs. *Briggs ;* 8 *D. & E.* 130, *Hartley* vs. *Herring ;* 1 *Binney* 178, *McMillen* vs. *Birch.*

So to say of a trader, he keeps false books. 5 *John.* 476, *Backus* vs. *Richardson.*

So to charge a public officer with mal-practice. 1 *John. Cases* 330, *Dole* vs. *Van Renselaer.*

So to say of a merchant, that a debt will be lost because he is unable to pay. 7 *Cowen* 564, *Mott* vs. *Comstock.*

Words not actionable in themselves may become so by reason of some special damage resulting from them to the person of whom they are spoken. But in such cases, in order to maintain an action, some special damage must be alleged in the declaration.

Thus the words—*He is a rogue and a swindler ; I know enough about him to hang him*—do not contain any charge of a legal, definite crime, and when not spoken of a person in the way of some office, profession, trade or business, are not actionable in themselves ; and to maintain an action, some special damage must be alleged and proved. 7 *Bingham* 211, *Ward* vs. *Weeks ;* 2 *H. Bl.* 531, *Savile* vs. *Jardine ;* 8 *John.* 64, *Foot* vs. *Brown ;* 1 *Taunton* 39, *Moore* vs. *Meagher ;* 2 *John.* 115, *Buys* vs. *Gillespie ;* 8 *East* 1, *Vicars* vs. *Welcocks.*

In this case, the words laid in the declaration are not actionable in themselves, unless the plaintiff was a trader at the time of speaking the words. In order to maintain the action, then, it was necessary to prove that the plaintiff was a trader.

And the question is, whether it was sufficient to prove that trading had been the business of the plaintiff previously, although he was not actually in trade at the time ?

In the case of *Walden* vs. *Mitchell,* 2 *Ventris* 265, the chief justice said that where a man had been in an office of trust, to say that he had behaved himself corruptly in it, as it imported great scandal, so it might prevent his coming into that or the like office again ; and therefore was actionable.

But this is denied to be law by Lord Chief Justice De Grey, in *Onslow* vs. *Horn,* 3 *Wilson* 188, who says that he knows of no case where ever an action for words was

grounded upon eventual damages which may possibly happen to a man in a future situation.

And Starkie says, if the publication affects the plaintiff in a particular character, it must be proved that the character belonged to him, or that he filled the office or situation at the time of the publication complained of. 2 *Starkie's Ev.* 859.

And from the very nature of the case, what possible damage could the words laid in this action do to the plaintiff as a trader, when at the time they were spoken he was not in trade? The reason why words imputing fraud in his dealings to a trader are actionable in themselves, is because from the nature of the case the imputation must have a tendency to affect his business as a trader. But here the plaintiff had no business, as a trader, to be affected.

We are, therefore, of opinion that the jury were misdirected, and that there must be

*A new trial granted.*