## WILLIAMS vs. HILL.

Slander lies for charging an unmarried female with incontinence, where special damage is alleged and proved.

Evidence that the plaintiff has been deprived of the hospitality of her friends is sufficient to support the allegation of special damage.

THIS was an action of *slander*, tried at the New-York circuit in May, 1835, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The plaintiff is an *unmarried female*. The charge against her was that she had criminal connection with a person of the other sex. She alleged as *special damage*, that certain individuals, named in the declaration, refused to hold intercourse and discourse with her, and to receive her into their houses, as before the speaking of the slanderous words they had been accustomed to do. On the trial, an uncle of the plaintiff testified that the plaintiff had been in the habit of visiting his family, consisting of his wife and daughters, and was considered a welcome visitor; that after he heard the charges made against her by the defendant, he told her she must not come to his house any more till she cleared up her character; that she then left and had not been at his house since on a visit; that she called a few times afterwards on errands, when he requested her to keep away. On his cross-examination he testified that he never believed the report against the plaintiff. The defendant moved for a nonsuit on the ground that there was no evidence of *special damage ;* but the judge refused to grant a nonsuit, and submitted the case to the jury,

who found a verdict for the plaintiff with $2000 damages. The defendant applied for a new trial.

*K. Miller & S. Stevens,* for the defendant.

*M. T. Reynolds,* for the plaintiff.

*By the Court,* COWEN, J. The words were proved importing direct criminal connection between the plaintiff and a man who visited her in the character of a suitor. The plaintiff's connections forbade her visits to their houses ; she appears to have been thus ejected from the house of her uncle, John Williams, while there on a visit, by reason of the report, not to mention other like instances. *Moore* v. *Meagher,* 1 Taunt. 39, in the exchequer chamber, is in point. The very decision was that the plaintiff being cut off from the hospitality of her friends, is such legal damage as will sustain an action on the charge of incontinency. And see Starkie on slander, 266.

The motion must be denied.