## WILLIAMS and wife *vs.* HOLDREDGE.

To say of a married woman that she has the venereal disease; that she has the clap; that she has the pox, is actionable *per se*, without proof of special damage, and therefore she may unite with her husband in an action for the slander. GRAY, J., dissented.

THIS was an appeal from a decision made at a special term, overruling a demurrer to the complaint. The opinion below states the facts.

*By the Court,* MASON, J. This is an action of slander for words spoken by the defendant of and concerning Eliza Williams, the wife of the plaintiff Sherman Williams. The complaint alleges that the defendant stated of and concerning Mrs. Williams, that she had the venereal disease ; that she had the clap; that she had the pox. The case comes before the court on a demurrer to the complaint, assigning as causes of demurrer, first, misjoinder of Mrs. Williams as a party plaintiff; and

Williams *v.* Holdredge.

secondly, that the complaint does not state facts sufficient to constitute a cause of action. The rule is well settled, that when words spoken of the wife are only actionable on proof of special damage, the husband must sue alone. (*Starkie on Slander*, 157, 159. 1 *Lev.* 14. 1 *Chitty's Plead.* 63, *4th ed.* 1 *Salk.* 119, *note b.* 18 *John.* 443. 2 *Kent's Com.* 180, *4th ed. Beach and wife* v. *Ranney and wife,* 2 *Hill,* 309, 316.) This action, therefore, cannot be maintained in the name of the husband and wife, if it shall be held that the words charged in the complaint are not actionable *per se.* The rule is well settled, both in England and this state, that an action does not lie for calling a woman a whore, without proof of special damage. (1 *Rolle's Abr.* 34, 36. 1 *Lev.* 134. 2 *Ld. Ray.* 1004. *Bacon's Abr. tit. Slander,* B. 6. 5 *Mod. R.* 104. 5 *Mees. & W.* 249. 2 *Ad. & El.* 2. 2 *John.* 115. 5 *id.* 188. 6 *Cowen,* 76. 13 *John.* 126, 275. 13 *Wend.* 253.) It seems, however, that to say of a woman she is a whore, in the city of London, is actionable upon the custom of London, by reason of the custom there to cart whores. (*Robertson* v. *Powell,* 2 *Selwin's N. P.* 1224. *Bacon's Abr. tit. Slander,* B. 6. *Doug.* 380. 4 *Burr.* 2032, 2418.)

It seems, however, that this custom has never been proved, so as to maintain an action in Westminster Hall. In the city courts the action is maintained because they take notice of their own customs, without proof. (*Doug.* 380. 4 *Burr.* 2032. 9 *Bacon's Abr.* 41, *Bouv. ed.*) But to maintain the action upon the custom of London, the words must charge that the female was a whore in London, as it is not sufficient if the declaration merely allege that she resided there. (2 *Selwin's N. P.* 1224.) The law is well settled in England, and has been from the earliest periods of the jurisprudence of that country, that it is actionable to say of a woman that she has the pox. (1 *Rolle's Abr.* 43, 44, 66, 67, 420. 1 *Sid.* 50. 2 *Cro.* 430. 1 *Lev.* 205. *Comyn's Dig. tit. Action on the Case for Defamation,* D. 29. 1 *Bacon's Abr.* 384, *tit. Slander,* B. 2, *vol.* 9, *p.* 45, *Bouv. ed. Cro. Jac.* 144. *Whitfield* v. *Powell,* 12 *Mod. R.* 248. *Hob.* 219. 1 *Ld. Ray.* 710. *Clifton* v. *Wells,* 12 *Mod.*

633. 2 *Sid.* 4, 36. 14 *Petersd. Abr.* 691, *note.* *Bloodworth* v. *Gray,* 7 *Man. & Gr.* 334. *Starkie on Slander,* 10, 1217. 2 *Leigh's N. P.* 1350.) The rule which declares such words actionable is a reasonable one. Man being formed for society, and standing in almost constant need of the advice, comfort and assistance of his fellow creatures, it is highly reasonable that any words which import the charge of having a contagious distemper should be in themselves actionable, because all prudent persons will avoid the company of a person having such distemper. It makes no difference whether the disease be owing to the visitation of God, to accident or to the indiscretion of the party therewith afflicted, for in every one of the cases the being avoided, from which the damage arises, is the consequence, and upon this the action is predicated. (9 *Bacon's Abr.* 45, *tit. Slander, B.* 2.) It is equally actionable to say of a person he has the leprosy. (*Cro. Jac.* 144. 1 *Rolle's Abr.* 44. 9 *Bac. Abr.* 45.) But charging another with having had a contagious disorder, as the pox, is not actionable, unless the words impute a continuance of the disorder at the time of the speaking them. The very gist of the action fails in such a case, for such a charge cannot produce the effect which makes it the subject of an action, namely, exclusion from society. (*Taylor* v. *Hall,* 2 *Str.* 1389. *Carslope* v. *Mapledoram,* 2 *T. R.* 471. 5 *Bac. Abr.* 45.) I have not been able to find any adjudged case in this state where the question, whether such words are actionable *per se* or not, has ever been adjudged; at least no reported case is to be found where the question has been determined. The English rule is affirmed, however, in a note to *Hopkins* v. *Beedle,* (1 *Caines,* 348.) Such a charge has been held actionable in several states of the union, and is declared in the elementary books to be an exception to the rule that the words must contain an imputation of some criminal offense for which corporal punishment may be inflicted. (7 *Conn. R.* 260. 13 *Mass. R.* 252.) In the latter case the court say that words imputing some foul and loathsome disease which would expose the person charged to the loss of his social pleasures, are actionable without special damage. And so in the case of *Watson*

Williams *v.* Holdredge.

*v. McCarthy,* (2 *Kelly,* 57,) it was held that words charging a person that he has the gonorrhœa, are actionable in themselves. (*See Starkie on Slander,* 10, 12, 17. 2 *Leigh's N. P.* 1350.) I think we have shown that such words are actionable in themselves, both upon principle and authority; and I see no reason why we should not so hold the law with us, unless it be that some strong expressions in the opinions of some of the judges in this state, defining the class of words which are actionable, might seem to militate against it. It has been thus said, in many cases, that words, to be actionable in themselves, must contain an express imputation of some criminal offense for which corporal punishment may be inflicted; and yet there are several well recognized exceptions to this rule. Thus, to say of a merchant he is a cheat and keeps dishonest books, is actionable; and so to say of an attorney that he is a dishonest scamp and defrauds his clients, or of a physician that he is an ignoramus, and injures more than he cures. The rule is stated in the cases relied upon by the counsel for the defendant, without undertaking to specify the exceptions, as they were not needful to the decision of the cases before the court. I am entirely satisfied that this complaint states sufficient facts to constitute a cause of action, for the reason that these words are actionable *per se,* and being so, Mrs. Williams was properly made plaintiff in the action. The court were right in overruling this demurrer, and the judgment should be affirmed.

CRIPPEN, J., and SHANKLAND, J., concurred.

GRAY, J., dissented.

Judgment affirmed.

[DELAWARE GENERAL TERM, July 11, 1854. *Crippen, Shankland, Gray* and *Mason,* Justices.]