HANNAH UNDERHILL *v.* GEORGE W. WELTON.

*Slander.*

Words charging an unmarried woman with unchaste conduct are not actiona-
ble *per se,* unless the charge is one of sexual intercourse with a maried man,
or of such conduct as amounts to open and gross lewdness.

Words, charging an unmarried woman with being a whore, are actionable if
any pecuniary damage is alleged and proved to have resulted therefrom. In
this case, it was held sufficient to allege and prove that in consequence of
grief occasioned by the speaking of such words, the plaintiff either suffered
*loss of time,* or was prevented from pursuing her usual avocations with the
strength and health she otherwise would have enjoyed.

CASE for slander. The first count in the declaration alleged
that the defendant falsely and slanderously said that the plaintiff
was a whore, and set forth as damages that by reason of such
slander the plaintiff had "been injured in credit, suffered loss of
character, loss of hospitality among friends, loss of peace of mind
and health, and had been subjected to great distress in feeling, *loss
of time,* and had been otherwise greatly injured." The second
count alleged the utterance of substantially the same slanderous
words, and set forth, among other damages not of a pecuniary
character, that in consequence of such slander "the plaintiff was
greatly injured and enfeebled in both body and mind, and was
caused much anxiety, trouble and dejection of spirits, insomuch
that she was deprived of much sound sleep and repose, and was
greatly grieved, and *was also prevented and disabled from pur-
suing and following her accustomed duties and labors with the
strength and health that she otherwise would have enjoyed.*"

The defendant pleaded the general issue, and the cause was
tried by jury, at the June Term, 1858,—BARRETT, J., presiding.

On trial, the plaintiff, who was an unmarried woman, after
giving evidence tending to prove the speaking, by the defendant,
of the words charged in the declaration, gave evidence tending
to prove that the plaintiff, in consequence of the speaking of
these words by the defendant, was greatly troubled in mind, and
became very nervous, and did not appear well, nor look well, and
sometimes waked up in the night and shed tears, and that this
rendered her less capable of attending to her ordinary household

Underhill v. Welton.

affairs than she otherwise would have been; that in fact she was occasioned much loss of time; that her general ability to labor was not only impaired, but also that there were times when she had crying spells, which, while they lasted, interrupted her ordinary business; and that these crying spells were occasioned by the speaking of said words by the defendant.

The testimony on the part of the defendant tended to prove that this was mainly occasioned by the pendency of this suit, which she had caused to be commenced, and that, notwithstanding this, she continued able to do, and in fact did do her household work, as she had been accustomed to do.

There was no testimony given tending to prove any other special damage sustained by the plaintiff in consequence of the speaking of the words charged.

The court charged the jury that the words alleged in the declaration were only actionable by reason of some special pecuniary damage therefrom resulting, and accruing before the commencement of this suit; and that if they found that the words were spoken as alleged, and that by reason of the grief and anxiety occasioned by learning that they had been spoken by the defendant, the effect upon the mind or body of the plaintiff was such as to render her less capable of attending to her daily business, she had proved a cause of action which would entitle her to a verdict.

To this charge the defendant excepted, and the jury returned a verdict for the plaintiff.

After verdict the defendant moved that judgment be arrested for the insufficiency of the declaration; which motion was overruled by the court; to which decision the defendant also excepted.

*P. T. Washburn,* for the defendant.

*Ormsby & Farnham,* for the plaintiff.

POLAND, J. Words imputing unchaste conduct to an unmarried woman are not in this State actionable *per se,* because such conduct does not subject her to any criminal punishment. A charge of sexual connection with a married man, or a charge of unchaste conduct of a character that would amount to *open and gross lewdness,* would be actionable for the reason that either

would subject her to corporal punishment for a crime involving moral turpitude.

In all those States where it has been held actionable to charge a single woman with a want of chastity, they have statutes against fornication, and these decisions have gone upon the ground that such charge, if true, rendered her liable to punishment under such statutes.

As we have no such statute, such actions cannot be here sustained except by alleging and proving that the plaintiff had sustained some *special* and *pecuniary* loss or damage, from the speaking of the words by the defendant.

The defendant in the present case claims that the plaintiff's declaration contains no such allegation of special damage as would authorize a recovery, and that no sufficient special damage was proved at the trial. The questions as to the sufficiency of the declaration, and the correctness of the charge to the jury, are substantially the same.

The plaintiff's first count alleges as among the consequences of the speaking of the words set out in the declaration, that " she was subjected to great distress in feeling, *loss of time*, and otherwise greatly injured."

The second count, among other allegations of damages, says that thereby "the plaintiff was also prevented and disabled from pursuing and following her accustomed duties and labors with the strength and health that she otherwise would have enjoyed."

The proof seems to have at least fully sustained all that either count alleges as to damages resulting from loss of time and inability by the plaintiff to perform her ordinary domestic and household duties. We are of opinion that either of the counts sufficiently alleges a pecuniary damage resulting from the words spoken by the defendant to sustain the action.

The allegation of *loss of time* in the first count, has always been regarded as a good allegation of pecuniary loss, and that it is stated in a very general manner is not a sufficient objection after verdict. In *Bradt* v. *Towsley*, 13 Wend. 253, which was a similar action to this, the allegation of damage was that the plaintiff " had been hindered and prevented from attending to her necessary affairs and business."

The allegation of damage in the plaintiff's second count is very similar. Instead of alleging a total inability to perform her ordinary labor and duties, it alleges a partial inability, that she was *less able* to perform them. We think the legal character and effect is the same. This case in Wendell is cited and approved in the subsequent case of *Beach* v. *Ranney*, 2 Hill 312, and we think is a sound and sensible decision. The last case which is cited and relied on by the defendant goes entirely on other grounds; that some of the damages alleged were not *pecuniary ;* that others were not the direct result of the words, but the wrongful acts of third persons ; and that the action for the recovery of such special and pecuniary damages must be brought by the husband alone, and not by husband and wife. All authorities agree that any pecuniary damage, however slight, is sufficient to sustain the action.

The judgment of the county court is affirmed.