## SUPREME COURT.

### Hewit agt. Mason.

In a complaint for *slander*, where the words charged were, "nothing ails him but the pox; he is rotten with it, he got it," &c., *held* that the words are actionable *per se*.

If the allegations of *special damage* by reason of the words spoken are not sufficiently *specific*, the objection cannot be raised by *demurrer*; the remedy is by motion under the Code, (§ 160.)

Demurrer to the complaint. The words charged were, "nothing ails him but the pox: he is rotten with it, he got it," &c.

> J. Covill, *for plaintiff.*
> J. S. L'Amoreaux, *for defendant.*

Bockes, Justice. Demurrer to the complaint. The action is slander. The plaintiff states in his complaint, that he is twenty-two years of age, and unmarried; that in February, 1862, he was ill, whereupon the defendant falsely and maliciously charged him with having an infectious disease, known as *lues venerea*, by reason of which he was injured in his good name and business, and excluded from the society of his friends and neighbors, to his damage of $2,000, for which he demands judgment. The defendant interposed a general demurrer, and insists that the words are not actionable *per se*, and that no special damages are alleged.

*Blackstone*, in speaking of words which, upon their face, and according to common acceptation, import such defamation as will, of course, be injurious, includes those which may exclude the person of whom they are spoken from society, as to charge a person with having an infectious disease. (3 *Black. Com.*, 123, 124.) It is laid down in *Com. Dig.*, that words are actionable which charge an infectious disease—as to say of a person, he has the leprosy, plague, &c.; and very many cases are there cited, in which it was

held slanderous to charge a person with having the disease known as *lues venerea.* (*Com. Dig., Act. Def. D.* 28.) In a note to *Blackstone,* it is said, there are only three disorders which the law deem it slanderous to report that a person labors under, viz : the plague, the leprosy and the *lues venerea.* The cases are numerous in England in which charges of the latter disease have been decided slanderous. There are one or two cases holding an adverse doctrine, but ASHHURST, J., in speaking of them, said they were loosely reported, unintelligible and not to be relied on. Many of the English cases are cited by Mr. Justice MASON, in *Williams* agt. *Holdrish,* (22 *Barb.,* 396,) quite enough to sustain the remark that the law is well settled in England, and has been for centuries, that it is actionable to charge a person with having the *lues venerea.* Mr. STARKIE remarks: "actions for words of this description seem, in the absence of special damage, to have been confined to charges of leprosy and *lues venerea,*" and he adds, "it seems, however, that though the reason has in some degree ceased to operate, an action will, even at this day, be sustainable for a charge of either of the diseases alluded to." (*Stark. on Slan.,* 114.) This rule obtains in several of our sister states.

It has been said in many cases that words, to be actionable *per se,* must impute a crime involving moral turpitude punishable by indictment. This general language will be found in several reported cases, and, indeed, in some of the text-books. But, when used, it was with reference to a charge of criminality.

This general observation should be considered as applicable to the class of cases where some charge of a criminal nature is made, and admits of the exception spoken of by Judge WOODWORTH in *Burtch* agt. *Nickerson,* (17 *John.,* 217.) He says, "the general rule is well settled, that slanderous words are not actionable unless the charge, if true, will subject the party charged to an indictment for a

crime involving moral turpitude, or subject him to an infamous punishment. The exceptions to the general rule are words spoken of a person *in his office, profession or trade, or which impute to him an infectious disease.*" This exception or qualification should be understood as applying to the general statement of the rule in *Wright* agt. *Paige,* (36 *Barb.,* 438.)

The case of *Williams* agt. *Holdridge,* (22 *Barb.,* 396,) is directly in point. It is there settled that the rule of law in the English courts obtains in our own state. It must, therefore, be deemed as settled on authority, that words are actionable *per se,* which charge a person with having the infectious disease known as *lues venerea.* The reason of the rule is stated by Judge MASON, in the case last cited. The words, to be actionable, however, must be spoken in the present tense, and impute a continuance of the malady. The averments in the complaint that the plaintiff is aged twenty-two and unmarried, are of no value as a matter of pleading. Those facts may possibly be competent matters of evidence, but if so they could be proved on the trial under the material allegations of the complaint. Whether the plaintiff is twenty-two years of age or eighty, married or unmarried, does not determine the right of action, although such facts might be very proper matters of consideration on the question of damages. On this question, his age and social condition may be of some importance.

But if the words charged are not actionable *per se,* the complaint alleges special damage resulting from their utterance by the defendant.

The complaint states that by reason of the speaking of the words, the plaintiff was injured in his good name and business, and excluded from the society of his friends and neighbors, to his damage of $2,000. The injury to his business and exclusion from society are damages of a special character. Perhaps the plaintiff should have been more specific; certainly he should as to the charge in regard

to the injury to his business; but this objection cannot be raised on demurrer. The remedy of the defendant was by motion, under section 160 of the Code of Procedure.

Judgment must be ordered for the plaintiff on the demurrer, with costs; but with liberty to the defendant to withdraw the demurrer and answer the complaint within twenty days after service of a copy of the order, on payment of the costs of the demurrer, to be adjusted by the clerk of Saratoga county.