Gtegerich, J.
The words spoken by the defendant not being actionable of themselves, the plaintiff, in order to maintain the two causes of action set forth in the complaint, served an amended complaint, whereby he alleges special damage resulting from the utterance of the words set forth under each cause of action, in words substantially as follows: “ That by reason of the speaking and uttering of the said words, as aforesaid, by the defendant, divers persons have refused to associate or transact any business with this plaintiff, and this plaintiff was thereby deprived of the benefits which .would accrue to him from such association and business as aforesaid, to his damage in the sum of $1,000.
The defendant contends that the amended complaint, even with the allegations of special damage added to each cause of action, does not state facts sufficient to constitute a cause of action. “As to what constitutes special damages, Starkie mentions the loss of a marriage, loss of hospitable gratuitous entertainment, preventing *24 a servant or bailiff from getting a place, the loss of customers by a tradesman; and says that, in general, whenever a person is prevented by the slander from receiving that which would otherwise be conferred upon him, though gratuitously, it is sufficient. Stark, on Sland., 195, 202 ; Cook’s Law of Def., 22-24. In Olmsted v. Miller, 1 Wend., 506, it was held that the refusal of civil entertainment at a public house was sufficient special damage.
So, in Williams v. Hill, 19 Wend., 305, was the fact that the plaintiff was turned away from the house of her uncle and charged not to return until she had cleared up her character. So, in Beach v. Ranney, was the circumstance that persons, who had been in the habit of doing so, refused longer to provide fuel, clothing, etc. 2 Stark, on Ev., 872, 873. These instances are sufficient to illustrate the kind of special damage that must result from defamatory words, not otherwise actionable, to make them so; they are damages produced by or through impairing the reputation.” Terwilliger v. Wand, 17 N. Y, 54, 59, 60. Per Strong, J.
Substantially the same principle here involved was presented in Hewit v. Mason, 24 How. Pr., 366, 368, wherein the complaint stated that, by reason of the speaking of the words, the plaintiff was injured in his good name and business and excluded from the society of his friends and neighbors to his damage of $2,000, and it was held that the injury to his business and exclusion from society are damages of a special character; that perhaps the plaintiff should have been more specific, certainly he should as to the charge in regard to the injury to his business ; but that this objection could not be raised on demurrer, and that the remedy of the defendant was by motion under the Code to make 'the complaint more definite and certain.
In the light of these rules and the rule by which, under the Code, the sufficiency of a complaint is to be determined, and well stated by Andrews J., in Marie v. Garrison, 83 N. Y, 14, 23, as follows: “ A demurrer to a complaint for insufficiency can only be sustained when it appears that, admitting all the facts alleged, it presents no cause of action whatever. It is not sufficient that the facts are only argumentatively averred. The complaint on demurrer is deemed to allege what can be implied from the allegations therein, by reasonable and fair intendment, and facts impliedly averred are traversable in the same manner as though directly averred; ” there can be no other conclusion arrived at than that the complaint, while it should be more specific, nevertheless sets forth two sufficient causes of action. Judgment must be ordered for the plaintiff on the demurrer, with costs, with leave to the defendant to serve an answer within five days, upon payment of the costs, overruling the demurrer.