## RUNDELL *vs.* BUTLER.

In an action for slander, actionable words, not declared on, can not be given in evidence.

To render a charge actionable it is not necessary it should be made in direct terms. It may be made in ambiguous language, or by insinuation.

In such a case it is only requisite to aver that the defendant, by means of the words, intimated, and meant to be understood by the hearers, as charging the plaintiff with the crime imputed; and whether such was the intention of the defendant, is a question of fact, to be determined by the jury.

Where the defendant, in speaking of an oath taken by the plaintiff, in a suit before a justice of the peace, and of the defendant's having made a complaint against the plaintiff, before the grand jury for perjury, said "he went to the grand jury and asked them if they wanted any more witnesses, and that they said they had witnesses enough to satisfy them," *Held*, that the words, if laid with the proper averments, were actionable.

THIS was an action for slander, tried before Justice HARRIS, at the Greene circuit in April, 1848. The plaintiff proved that in 1846 a suit was pending before a justice of the peace, in which William McKeon was plaintiff and Hardy Rundell defendant, and that the latter applied for an adjournment and was sworn and examined in support of the application. The plaintiff called several witnesses, who testified that the defendant said, on different occasions, that the plaintiff swore false on that application, and he could prove it. The words proved were the same laid in the declaration. The plaintiff then called James Palmer, who testified as follows: "I know defendant. I have heard of this suit of plaintiff and McKeon. I heard defendant say he went to the grand jury and asked them if they wanted any more witnesses, and that the grand jury told him they had witnesses enough to satisfy them. I think this was the day he came from Catskill." The plaintiff also called Obadiah Caldwell, who testified, "I was in defendant's store after he came back from Catskill. He said he went to the grand jury and they said they had witnesses enough. This was when they went down to get him indicted." Here the counsel for the de-

Rundell *v.* Butler.

fendant moved to strike out the testimony of this witness, on the ground that the words proved by him were not laid in the declaration. The motion was denied by the court; to which decision the counsel for the defendant excepted. The counsel for the defendant also moved to strike out the testimony of James Palmer, on the same ground, which was also denied, and the counsel for the defendant excepted to the decision. Other questions, not necessary to be stated, were raised on the trial. The jury found a verdict of $550 for the plaintiff. And the defendant, on a case, moved for a new trial.

*M. Sanford*, for the plaintiff.

*L. Tremain*, for the defendant.

*By the Court*, PARKER, J. There were no such words laid in the declaration as those proved by James Palmer and Obadiah Caldwell. They were no part of any conversation previously proved, nor were they necessary to explain any other evidence. It is now well settled that actionable words, not counted on, can not be given in evidence. (*Keenholts* v. *Becker*, 3 *Denio*, 346. *Root* v. *Lowndes*, 6 *Hill*, 518.) It is necessary then, to ascertain whether these words were actionable, or whether they could have been made so when supported by proper averments and proof. It is not necessary that a charge, to be actionable, should be made in direct terms. It may be made in ambiguous language, or by insinuation. (*Gibson* v. *Williams*, 4 *Wend.* 320. *Andrews* v. *Woodmansee*, 15 *Id.* 232.) It is only requisite, in such case, to aver that the defendant, by means of the words, insinuated and meant to be understood by the hearers as charging the plaintiff with the crime imputed. And whether such was the intention of the defendant, is a question of fact to be determined by the jury. In *Dorland* v. *Patterson*, (23 *Wend.* 422,) the words were, " James Dorland gave me the note to give to you, and is it not all one man's hand-writing? I will bet ten dollars that that is a forged note." And when accompanied by the proper averments, on

Rundell *v.* Butler.

demurrer they were held actionable. "He has sworn falsely, and I will attend to the grand jury respecting it," without a colloquium showing that the speaking of the words related to proceedings in which perjury could have been committed, were held actionable in *Gilman* v. *Lowell*, (8 *Wend.* 573;) because the plaintiff could not have been indicted for false swearing unless perjury had been committed. In *Coons* v. *Robinson*, (3 *Barb. Sup. Court Rep.* 625,) "he has sworn to a lie and done it meaningly to cut my throat," was held actionable *per se*, as conveying to the minds of the hearers an imputation of perjury. "I am not a thief," when emphasized with a view to defame, may inflict as serious an injury upon the reputation of the person to whom the words are addressed, as if they had been "you are a thief."

In the case under consideration the witnesses knew the defendant, and had heard of the suit between the plaintiff and McKeon. They knew also that the defendant had been down to Catskill to get the plaintiff indicted. On his return the defendant said "he went to the grand jury and asked them if they wanted any more witnesses, and that they said they had witnesses enough to satisfy them." Was not this in effect saying that there was proof enough to indict the plaintiff? A criminal charge may be as successfully made in such language as by a more direct accusation. If there was any question as to the nature of the offense for which the complaint was made before the grand jury, the doubt could be removed by an averment, and by proof that the defendant was speaking of the oath taken before the justice of the peace. I think the words were actionable, and that this suit would have been no bar to a suit brought for damages for uttering them. To receive them, therefore, as evidence in this suit, might subject the defendant to the payment of damages twice for the same injury. Besides, it was unjust to the defendant to admit the proof of words not laid in the declaration. If they had been counted on, the defendant might have come prepared with rebutting evidence, or to prove some explanation, made at the time of uttering them, that would render them harmless.

There was formerly a very wide latitude permitted, at the circuit, in proving slanderous words for the purpose of showing malice. A plaintiff was even allowed to prove charges made after the commencement of the suit. The case of *Root* v. *Lowndes* goes far towards establishing a safer and more reasonable practice. I see no reason why a plaintiff should ever be permitted to prove a slanderous charge not set forth in his declaration.

The view I have taken of this point renders it unnecessary to examine the other questions raised on the argument. I think there should be a new trial. Costs to abide the event.

New trial granted.

