Speir, J.
J.—It is possible, had the complaint contained proper inducements and innuendoes, the publication might have been made to affect the plaintiff injuriously. There are no such allegations, nor is there any averment that the plaintiff has sustained any special damages. No evidence can be received in an action for libel, of any loss or injury, which the plaintiff has sustained by the publication, unless it be specially stated in the complaint. And where the words are not actionable, per se, as in the present case, the plaintiff, in order to recover, must not only state, in his declaration, special damages as the result of the publication, but he must also prove that the special damage alleged was exclusively the consequence of the publication.
The plaintiff’s counsel contends that his complaint contains, under the Code, enough for the court to discern an injurious meaning in the plain and natural purport of the publication itself, and some damage is to be presumed ; and that no special damage need be averred. 0 The Code of Procedure has dispensed with any statement of “ extrinsic facts,” to show the application to the plaintiff, but it has not dispensed with the necessity of inducement and innuendoes, where necessary "to point the publication to a libelous meaning.
In this case, the publication is not defamatory on its *480 face, and can-become so, only by reference to extrinsic facts, and those facts must be alleged in the complaint, to constitute a cause of action.
The publication is not an attack upon plaintiff ’ s business, which would prevent people from patronizing her establishment; and without such allegation, and in the absence of any allegation of specific damages, it cannot be deem ed actionable. Every publication is not libelous although it may concern individuals in their characters and employments. ‘ There must be some certain or probable temporal loss, or damage, to make the words actionable. . . . But to impute to any man the mere defect or want of moral virtue, moral duties or obligations, which render a man obnoxious to mankind, is not actionable ’ ’ (De Grey, Ch. J., Onslow v. Horne, 3 Wils. 177.)
There is no imputation against the plaintiff in not keeping a proper house for boarders—no allegation of any want of skill or attention on her part, nor is there any statement whatever, informing applicants what were her characteristics as proprietor. The publication, as it stands in the complaint, does not hold the plaintiff up to scorn, hatred, contempt or ridicule, and cannot be said to be libelous. It contains only a caution to applicants to inform themselves of the kind of house kept by the proprietor, before engaging board and lodging. The rule is clearly stated by the late chancellor of this State :—To sustain an action for libel, the plaintiff must either show special damage, “ or the nature of the charge itself must be such that the court can legally presume he has been degraded in the estimation of his acquaintances, or of the public, or has suffered some other loss, either in his property, character, or business, or in his domestic or social relations, in consequence of the publication (Stone v. Cooper, 2 Den. 299). The case made by the plaintiff fails to come up to any of these conditions.
The defendant must have judgment on the demurrer with costs.