## McMAHON *v.* HALLOCK.

*(Supreme Court, General Term, Second Department.* May 14, 1888.)

LIBEL AND SLANDER—SLANDEROUS WORDS—WHAT ARE.

The words: "Go over to my office. My wife and her mother are particular what company they keep. They do not wish to be annoyed by such characters as you,"—spoken to a woman, are not slanderous, as they do not impute to her a want of chastity.

Appeal from circuit court, Suffolk county; CHARLES F. BROWN, Justice.

Action of slander, brought by Lucy Ann McMahon against George E. Hallock. On the trial of the case, on defendant's motion, the court made an order dismissing plaintiff's complaint on the ground that it did not state a cause of action. From this order plaintiff appealed.

*E. G. Duvall, Jr.,* for appellant. *Wilmot M. Smith,* for respondent.

DYKMAN, J. The plaintiff, who is a married woman, brought this action of slander against the defendant for words spoken to her which she alleged imputed to her a want of chastity. The words spoken were these: "Go over to my office. My wife and her mother are particular what company they keep. They do not wish to be annoyed by such characters as you." When the cause came on for trial at the circuit, the defendant's counsel moved for judgment because the complaint failed to state facts sufficient to constitute a cause of

action, and the motion was granted, and the plaintiff has appealed from the judgment. We cannot find a legal cause of action in the complaint. The words spoken are defamatory, and imply a want of character; but they no more charge unchastity than they do untruthfulness or insobriety or vagrancy. The object of the address seems to have been to induce the plaintiff to leave his wife and mother, because they did not wish to be annoyed by such characters or persons as the plaintiff; and the language is satisfied by referring it to a class of persons who annoy other people by persistent alms seeking or other importunities. The judgment should be affirmed, with costs.