## ELLA UPTON, RESPONDENT, *v.* DANIEL UPTON AND LOVINA UPTON, APPELLANTS.

*When the meaning of words, alleged to be actionable* per se, *should be submitted to the jury — a narrower limit of exemplary damages exists in actions brought against an innocent husband and his wife because of slanderous words uttered by the wife.*

Upon the trial of an action against the defendants, as husband and wife, to recover damages for slanderous words uttered by the wife, in the absence of her husband, of and concerning the plaintiff, the plaintiff, who claimed to be a married woman, was allowed, against the defendant's objection and exception, to prove by a witness, that in May or June, 1886, she heard the defendant say "the plaintiff had a bad disease."

The court, in passing upon the question raised by the defendant's objection, said "I think it relates to her chastity."

*Held,* as the words referred to were not charged in the complaint, and as they furnished of themselves an independent cause of action, and if they did not charge a want of chastity were in no way connected with the cause of action alleged, and as a judgment in the present action would not be a bar to any future action based upon the utterance of such words, that it was error to allow the evidence.

It was urged by the plaintiff that the evidence was admissible because the cause of action was barred by the statute of limitations.

*Held,* that, although the court was constrained by the cases of *Root* v. *Lowndes* (6 Hill, 518); *Inman* v. *Foster* (8 Wend., 602), and other cases, decided at *nisi prius,* to hold that the evidence was admissible, the trial court erred in holding, as a matter of law, that the words related to the chastity of the plaintiff, as that was peculiarly a question for the jury, to be determined by them in the light of the circumstances.

That the court erred in refusing to instruct the jury that a narrower limit of exemplary damages existed where the husband was an innocent party, free from malice, and made defendant simply because of his marital relation; and that an exception taken by the defendant to the court's instructions, that " the husband's liability with the wife makes no difference with the amount of exemplary damages," was well taken.

APPEAL from a judgment entered in the office of the clerk of Oswego county on June 15, 1888, upon the verdict of a jury after a trial at the Oswego Circuit, and from an order denying a motion for a new trial, made upon the minutes of the justice presiding at the trial  The material facts are stated in the opinion.

*S. C. Huntington & Son*, for the appellants.

*J. W. Shea*, for the respondent.

KENNEDY, J. :

Action against the defendants, as husband and wife, to recover damages for slanderous words uttered by the wife in the absence of her husband, of and concerning the plaintiff.   The words charged as slanderous were sufficiently proven on the trial, and their utterance by the wife was not disputed.   The defendants allege, in their respective answers, that at the time she uttered the slanders the said Lovina was of unsound mind and not responsible.   Evidence was given tending to show that such was her mental condition, and that she had been thus afflicted for some time previous thereto.   On the part of the plaintiff proof was given, in some degree, at least, rebutting this contention.   Perhaps the finding of the jury upon this issue may be fairly regarded as conclusive.

On the trial the plaintiff was allowed to prove, against the defendant's objection and exception, by a witness, Mary Weldon, that in May or June, 1886, she heard the defendant say " the plaintiff had a bad disease."   If by these words the plaintiff was charged and intended to be charged, as suggested by the trial judge, with having the venereal disease at the time of their speaking, they were actionable *per se ;* and for the speaking of them an action could be maintained.   Odgerson on Libel and Slander (Big. ed.), 63, says : " Words imputing to the plaintiff that he has an infectious or contagious disease are actionable without proof of special damage, since

the effect of such imputation is naturally to exclude the plaintiff from society. Such disease may be either leprosy, venereal disease," etc. The author cites many authorities in support of the doctrine. The same is stated to be the rule in Townsend on Libel and Slander (§ 175). The question was passed upon in *Williams and Wife* v. *Holdredge* (22 Barb., 396), MASON, J., writing the opinion; and it was held that to say of a married woman that she had the venereal disease is actionable *per se* without proof of special damage. This is undoubtedly the rule as now settled. Whether to say of a married woman that she has a "bad disease" is equivalent to charging her with having the venereal disease is not quite certain. It would appear to be a question for the jury, to be determined in the light of all the circumstances. The court, however, seems to have regarded it as doing so, saying, in passing upon the question raised by the defendant's objection, "I think it relates to her chastity." And the jury, assuming that they followed the suggestion, must have found that the words charged the plaintiff with having the venereal disease at the time they were uttered.

The words referred to were not charged in the complaint, and furnished of themselves an independent cause of action; and if they did not charge a want of chastity, they were in no way connected with the cause of action alleged, and it was error to allow the evidence. After having proven the words charged, the plaintiff may show a repetition of the same slanders as tending to show malice. (*Bassell* v. *Elmore*, 48 N. Y., 561, and cases cited.) But he cannot prove the speaking of other and different actionable words, charging a different offense. (*Johnson* v. *Brown* 57 Barb., 126.) The plaintiff being a married woman, or at least claiming that relation, to charge her with having the venereal disease did not necessarily impute unchastity to her; but to charge it was to utter language which was slanderous *per se*. If, then, as interpreted by the court, the objectionable language charged the plaintiff with such disease, the judgment in this action could not be pleaded in bar to one brought for that cause.

It is urged by the plaintiff that the evidence was admissible because the cause of action was barred by the statute of limitations; and *Root* v. *Lowndes* (6 Hill, 518), and *Inman* v. *Foster* (8 Wend., 602) are cited in support of this proposition. The question was not

in the Root case; it was incidentally discussed by BRONSON, J., in the opinion. I do not see how the doctrine can logically be upheld as suggested in the case quoted. Evidence of this character must, more or less, influence the minds of the jury. The ground upon which it is claimed to be admissible is to show malice. The object in showing malice, beyond that evidenced by the words charged in the pleading, is to enhance the damages. The logical deduction necessarily follows that, by the admission of the evidence, the plaintiff gets the benefit of a cause of action, the right to maintain which is barred, and in reference to which, if an action had been brought, the statute, if pleaded, would have been an absolute defense. The words charged in the complaint and proved upon the trial were not equivocal, and of themselves furnished evidence of malice. It was not, therefore, necessary to the plaintiff's rights to recover that she should show it outside of and beyond these.

To allow evidence to be given of words slanderous, *per se*, not charged in the complaint, to show malice and at the same time to instruct the jury that they are not to allow damages therefor, involves contradictions not easily harmonized. Malice is shown to enhance damages alone, and to say to the jury that they are not to give it that effect is to declare the evidence inadmissible for any purpose.

The authority for the admission is at best uncertain, and was the question original we should have no doubt that it was error to receive it, especially when the right of action is barred by the statute, although constrained by the authorities referred to, and others of less weight at *nisi prius*, which might be cited to hold the evidence admissible, we still think the court erred in holding that the words related to the chastity of the plaintiff. That question was peculiarly one for the jury, to be determined by them in the light of the surroundings. The plaintiff claimed to be a married woman. The charge was she had a "bad disease." Whether it was intended to charge her with having the venereal disease, or any other involving the question of her chastity was for the jury to say; and it should have been left to them to determine what might not have been actionable, *per se*, without showing special damage as the result of their utterance, the court assumed to determine, and the jury must have understood they were to so regard it.

We think the court erred in refusing to instruct the jury that a narrower or lesser limit of exemplary damages existed where the husband was an innocent party, free from malice or wrong, but made defendant simply because of his marital relations; at least the jury should have been told that that fact was to be considered by them in passing upon the question of exemplary damages, instead of this the court's instructions were: "The husband's liability with the wife make no difference with the amount of exemplary damages." To this also the defendants excepted. We think the instructions asked for should have been given, and that those given upon the question of the husband's liability for exemplary damages were erroneous.

Upon the evidence it is a very serious question whether the wife, at the time she uttered the slanderous words, was responsible, and whether the defendants should be held chargeable for them. The jury may very well have found that she was *non compos.* Notwithstanding the evidence of her mental condition, by the verdict the husband is made to suffer in an amount which does him injustice, especially in the light of the evidence given by the several witnesses who testified to the slanders that they did not believe them to be true. A new trial should be granted.

Judgment and order reversed and a new trial granted, costs to abide the event.

MARTIN, J., concurred; FOLLETT, J., concurred in the result.

Judgment and order reversed on the exceptions, with costs.