## PETER J. LALLY, APPELLANT, v. JONAS A. EMERY, RESPONDENT.

*Slander — although the statement is privileged the question of good faith and motive is proper for the jury.*

59 237<br>79 561<br>59 237<br>25ap284

Although the court may hold, in an action for slander, that the statements made were *prima facie* privileged, yet the question as to whether, under the circumstances, the words were uttered by the defendant in good faith and without actual malice should be submitted to the jury.

APPEAL by the plaintiff Peter J. Lally from a judgment of the Supreme Court, entered, in the above-entitled action, in the office of the clerk of the county of Jefferson on the 8th day of October, 1890, in favor of the defendant, and from an order denying a motion

for a new trial, made upon the minutes of the court after a trial before the court and a jury at the Jefferson County Circuit, at which the court dismissed the complaint on the merits.

The action was for slander. The plaintiff alleged the speaking of certain words, of and concerning him, by the defendant which were alleged to have been intended to charge the plaintiff with having committed the crime of rape, or attempting to commit that crime. Both the plaintiff and defendant were soldiers in the United States army, and the person to whom the words were spoken was a member of the same company with the defendant. On the trial the court held that the words alleged and proved were privileged, and dismissed the plaintiff's complaint.

*Hannibal Smith*, for the appellant.

*F. H. Peck*, for the respondent.

MARTIN, J.:

Whether the words alleged and proved to have been uttered by the defendant of and concerning the plaintiff were spoken with the intent to charge the plaintiff with the crime of rape, or of an attempt to commit a rape, was, we think, for the jury. (*Weed* v. *Bibbins*, 32 Barb., 315; *Upton* v. *Upton*, 51 Hun, 184; 4 N. Y. Supp., 936.)

We think the court erred in holding that the words alleged and proved were absolutely privileged and in dismissing the complaint on that ground. Under the circumstances developed by the evidence in this case, the questions whether the defendant uttered the words proved in good faith, and without actual malice, were for the jury. If it were assumed that the words spoken were privileged, still the privilege, if any, was a qualified one; and if they were not spoken in good faith, or were uttered with actual malice, it would constitute no defense to the action.

Admitting that the court might properly have held that, *prima facie*, the speaking was privileged, yet the question of the defendant's good faith, his belief in the truth of the statements made and whether actual malice existed, were all questions for the jury. In *Klinck* v. *Colby* (46 N. Y., 427), Judge FOLGER, in speaking of the question of privileged communications, says: "As a general proposition, it may be said that the question of whether a publication

is a privileged communication is one for the jury. That is to say, the court may determine whether the subject-matter to which the alleged libel relates, the interest in it of the defendant, or his relations to it, are such as to furnish the excuse. But the question of good faith, belief in the truth of the statement, and the existence of actual malice remains; although the court should hold that, *prima facie*, the communication was privileged. And this question is one for the jury." The same doctrine was held in *Hamilton* v. *Eno* (81 N. Y., 122); *Byam* v. *Collins* (111 id., 143).

We are of the opinion that the case should have been submitted to the jury and that the court erred in dismissing the complaint.

The judgment and order should be reversed on the exceptions and a new trial granted, with costs to abide the event.

MERWIN, J., concurred.

HARDIN, P. J.:

In the opinion delivered in this case, when it was here on a former appeal (28 N. Y. St. Rep., 127), it was assumed that the motive and intent of the defendant in using the words proved were for the jury to ascertain upon all the evidence; that assumption is still applicable to the case, and, therefore, I join in a reversal.

Judgment and order reversed on the exceptions and a new trial ordered, with costs to abide the event.