## HEMMENS *v.* NELSON.

(*Supreme Court, General Term, Fourth Department.* February, 1891.)

SLANDER—EVIDENCE—DIRECTION OF VERDICT.
  In an action for slander, which consisted in sending the communication complained of to certain persons, the only evidence to connect defendant with the sending of such communication was plaintiff's opinion that the envelope and circular containing it were directed in defendant's handwriting. Defendant denied that he had anything to do with them, and several witnesses testified that the writing was not his. *Held*, that it was not error to direct a verdict for defendant.

Appeal from circuit court, Oneida county.

Action by Emily Hemmens, formerly Emily Halstead, against Edward B. Nelson. The action was commenced in May, 1878, and has been tried at the circuit five times, and has been before this court on three former occasions. See 24 Hun, 395; 36 Hun, 149; 13 N. Y. St. Rep. 211. At the trial next preceding the one now here for review a verdict was rendered for the plaintiff of $500, which verdict was, by the trial justice, set aside, and an opinion delivered, which is reported in 1 N. Y. Supp. 280. At the trial in March, 1889, at the close of the evidence, the circuit judge directed a verdict for the defendant, and to review that decision this appeal is brought. The action was for slander. Plaintiff appeals.

Argued before HARDIN, P J., and MARTIN and MERWIN, JJ.

*Scripture & Backus,* for appellant. *John D. Kernan,* for respondent.

HARDIN, P. J. Upon the first appeal (24 Hun, 398) SMITH, J., in speaking for this court, said: "The case falls within the rule that a communication, made *bona fide,* and without malice, upon any subject-matter in reference to which the party communicating has a duty, is privileged if made to a party having a corresponding duty, although it contain criminatory matter which, without this privilege, would be slanderous and actionable. *Thorn* v. *Blanchard,* 5 Johns. 508; *Howard* v. *Thompson,* 21 Wend. 319; *Cook* v. *Hill,* 3 Sandf. 341; *Harrison* v. *Bush,* 32 Eng. Law & Eq. 173." When the case was before us on the second appeal, (36 Hun, 150,) FOLLETT, J., in speaking for the court, said: "When the facts and circumstances on which an accusation is made are undisputed, the question of probable cause is a question of law for the court. The plaintiff's theory was that defendant sent or procured the communication to be sent for the purpose of accusing the plaintiff and procuring her discharge; and, unless this theory was established as a question of fact, the defendant was entitled to a verdict. Unless the defendant sent or procured this communication to be sent, we think the defendant had probable cause for the accusation. This was the judgment of the executive committee, who must be presumed to have been fair-minded men of intelligence, desiring to discharge their duties to the public and persons interested." When the case was here on the third appeal, (13 N. Y. St. Rep. 214,) in the course of the opinion delivered it was said: "We should have been better satisfied with the course of the trial if the learned judge had said to the jury, as a matter of law, that the defendant had probable cause, and that the communication was privileged, if they found he did not send or cause to be sent the matter, even though they found that the plaintiff did not send or cause the same to be sent." Since that decision was made, the court of appeals, in *Byam* v. *Collins,* 111 N. Y. 143, 19 N. E. Rep. 75, has held, viz.: "Privileged communications are exceptions to the general rule which implies malice in a libelous publication, and infers some damage. It rests with the party claiming the privilege to show that the cause is brought within the exception. The exception covers cases where a communication is made *bona fide* upon any subject-matter in which the party making it has an interest, or in reference to which he has a duty, legal, moral, or social, which may fairly be presumed to have led to the communication when made to a person having a corresponding interest or duty." And it was further held in that case that when upon the trial it has been held as a matter of law that the communication was privileged "the burden rests upon the plaintiff to establish that it was maliciously made." And upon the fourth trial of this case it was held at the circuit that whether the charge was maliciously made was a question of fact to be determined by the jury in accordance with the doctrine laid down in *Byam* v. *Collins, supra.* After the jury had found a verdict in favor of the plaintiff for $500, a motion for a new trial was made, and the learned judge who presided at the trial

granted the motion, and held that the "jury must have misconstrued the evidence, or failed to give it its legitimate effect in arriving at the conclusion they did; and that, the verdict being clearly against the weight of evidence, it is the duty of the court to set it aside and grant a new trial." 1 N. Y. Supp. 280. Upon the trial now brought in review the trial judge approved of the opinion delivered in deciding the case as appears reported in 1 N. Y. Supp. 280, and added thereto his own conviction upon the evidence produced "that the verdict should be directed for the defendant." We are inclined, upon a full consideration of the evidence now in the appeal-book, and in view of the previous decisions in the case, to say that the communication made by the defendant to the executive committee was privileged.

2. Upon the trial the plaintiff stated as a witness an opinion based upon her knowledge of the handwriting of the defendant, tending to the conclusion that the envelope and circular were sent by the defendant, based upon the supposition that the superscription and writing were in the handwriting of the defendant. It was conceded upon the trial by the plaintiff "that none of the writing now on the paper is in Mr. Nelson's handwriting." Considerable evidence was given by witnesses, who expressed the opinion that none of the writing upon the envelope or circular was in the handwriting of the defendant; besides, his own testimony is fully and forcibly to the effect that he had nothing to do with the origin or sending of the envelope or circular contained therein. After a careful review of the evidence, we are constrained to say that no error was committed by the trial judge in refusing to submit an inquiry to the jury as to whether or no the communication was sent by the defendant. It may be said there was a *scintilla* of evidence to establish such a proposition. We think it appropriate, upon this aspect of the case, to apply the rule laid down in *Dwight* v. *Insurance Co.*, 103 N. Y. 343, 8 N. E. Rep. 654, where it was held, viz.: "If the proof of a fact is so preponderating that a verdict against it would be set aside by the court as contrary to the evidence, it is the duty of the court to direct a verdict. It is not sufficient to authorize a submission of the fact to the jury that there is a *'scintilla* of evidence'—a mere surmise—to the contrary." And, also, the rule as stated in the language of Judge ALLEN in *Baulec* v. *Railroad Co.*, 59 N. Y. 356, that "it is not enough to authorize the submission of a question as one of fact to the jury that there is 'some evidence.' " It was for the trial judge to say, "not whether there is literally no evidence, or a mere *scintilla*, but whether there is any that ought reasonably to satisfy the jury that the fact sought to be proved is established." In *Improvement Co.* v. *Munson*, 14 Wall. 442, the rule is stated as follows: "That in every case, before the evidence is left to the jury, there is a preliminary question for the judge; not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof rests." We think the views expressed by KENNEDY, J., in 1 N. Y. Supp. 280, upon the questions now under consideration, are quite appropriate and applicable. We are therefore of the opinion that the verdict ought to stand. Judgment and order affirmed, with costs.

MERWIN, J., concurs. MARTIN, J., not voting.