PETER J. LALLY, Appellant, *v.* JONAS A. EMERY, Respondent.

*Slander — when privileged, malice or want of probable cause must be shown — proof by defendant of whom he learned the matter, and his belief in its truth — proof of part of a conversation admits statements explanatory thereof.*

When, in an action brought to recover damages for an alleged slander, it is determined that the subject of the communication complained of was privileged, and that the occasion on which the language in question was used was also privileged, the defendant will be protected in making the statements complained of, provided he had probable cause to make the same, and acted without malice in so doing.

Upon the trial of an action brought to recover damages for slander, it is proper for the defendant to show when and by whom he had been told the facts which he had stated in regard to the plaintiff (to recover damages for the uttering of which the action was brought) and to testify whether or not he believed such statements, provided the statements, shown to have been made to the defendant in regard to the plaintiff, were made prior to the time of the uttering of the alleged slander, and the answer alleged such communication to the defendant, that it was made prior to the time of the uttering of the alleged slander, and the defendant's belief in the truth of such communication.

When a statement forming a part of a conversation is given in evidence upon the trial of an action, whatever was said by the same person in the same conversation, which would in any way qualify or explain such statement, is also admissible in evidence.

APPEAL by the plaintiff, Peter J. Lally, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Jefferson on the 1st day of March, 1894, upon the verdict of a jury rendered after a trial at the Jefferson

Circuit, and also from an order entered in said clerk's office on the 19th day of March, 1891, denying the plaintiff's motion for a new trial made upon the minutes.

The action was brought to recover the damages sustained by reason of an alleged slander. The complaint set out two counts. The answer contained denials and averments that the words actually spoken were not slanderous, and that they were privileged.

*Hannibal Smith*, for the appellant.

*Watson M. Rogers*, for the respondent.

HARDIN, P. J.:

Upon a former appeal in this case (54 Hun, 517) it was assumed by this court that a charge to the effect that it was for the jury to determine whether the words used amounted to a charge of crime was proper, and also that the words in the charge which left it to the jury to say "whether or not the defendant in good faith, in the line of his duty, without malice, said what he did believing it to be true," were proper; and the judgment there under review was reversed on account of rulings rejecting some evidence offered. The charge to which reference has been made in respect to the matters quoted therefrom was approved by this court when the case was here upon a second appeal (59 Hun, 237), and on that occasion it was held in effect that if "the words spoken were privileged, still the privilege, if any, was a qualified one; and if they were not spoken in good faith, or were uttered with actual malice, it would constitute no defense to the action," and a nonsuit was set aside on the ground "that the case should have been submitted to the jury and that the court erred in dismissing the complaint."

Upon the trial now brought here for review the trial judge properly submitted the questions to the jury : (1) As to "whether the language used imputed to or charged the defendant with the commission of a crime," and in doing so he quoted from the charge delivered by the learned justice who presided at the first trial. (2) In the charge before us the court also submitted to the jury "whether the occasions and the subject of these conversations were privileged occasions and privileged subjects." He also said : "You will determine whether this subject was a privileged subject for him to talk to the

sergeant about. And the occasion, I do not understand there is any dispute about that, it was at his daily visit to the company and the occasion does not seem to be claimed public. I do not understand it to be claimed on either side that anybody else was present except these two men, the commanding officer of the company, who happened to be a lieutenant instead of the captain, and the first sergeant." (3) The trial judge then submitted to the jury the further question, using the following language: " If you find the subject was a privileged subject, and the occasion was a privileged occasion, then the commanding officer was protected in making the statements he did, provided he had probable cause and acted without malice." He then instructed the jury very carefully in respect to probable cause and as to malice. Upon the evidence before the court we are of the opinion that the charge was correct. The attention of the jury was carefully directed to the principles of law which were applicable to the case as presented by the evidence. (*Hemmens* v. *Nelson*, 36 N. Y. St. Repr. 905, and cases there cited; S. C. affd., 138 N. Y. 517.)

(2) When the defendant was upon the stand as a witness he testified that on an occasion of a game of base ball at Fort Bennet in July, 1887, a week or so, before he started east, he had a conversation with Lieutenant Lloyd, who then belonged to the Fifteenth infantry, and had served with his regiment in New Mexico. He was then asked to state what took place between him and Lieutenant Lloyd in reference to Lally. Objection was made and overruled and an exception taken, and the witness proceeded to state what Lieutenant Lloyd informed him of in respect to Lally; and in the course of the evidence so given the witness stated that Lieutenant Lloyd remarked, viz.: " The last dealings I had with that man I was on a court martial that tried him for rape, or attempt to commit rape. " The witness was then asked: " Did you believe the words spoken by Lloyd in regard to Lally?" This was objected to as incompetent and the objection overruled, and the witness answered, " I did." We think no error was committed in receiving the evidence objected to. The answer of the defendant alleged the communication by Lloyd to the defendant of the words in substance as stated, and that the communication of them was before the occasion of the uttering of the words named in the complaint;

and the answer also contained an averment that "when said words were so spoken by said Lloyd this defendant believed them to be true." (Code Civ. Proc. § 536.)

In *Bush* v. *Prosser* (11 N. Y. 347) it was held that facts and circumstances which disprove malice may be received in evidence. That case was followed in *Gorton* v. *Keeler* (51 Barb. 481) and in the course of the opinion there it was said : " Mitigating circumstances are those which tend to disprove malice."

In *Willover* v. *Hill* (72 N. Y. 36) it was held that mitigating circumstances must be set up in the answer, and that reports or information relied upon must be such as had come to the knowledge of the defendant before uttering the words charged in the complaint. In speaking of the interview had with the defendant relied upon in mitigation, it was said : " To render it proper for any purpose, it should have been confined to a period preceding the slander."

In *Hatfield* v. *Lasher* (81 N. Y. 246), in the course of the opinion, it is said that certain evidence that was rejected was properly rejected because " It did not tend to prove that the charge was true ; nor did it tend to prove that defendant had information, or had heard reports which should have *per se* led him to believe that· it was true." Not so in the case before us. The very object of the evidence in respect to the interview with Lieutenant Lloyd was to show that the defendant received the information prior to the uttering of the words and to lay the foundation for the statement made by him in respect thereto that when he uttered the words proved against him in this case, he believed them to be true. (See, also, the opinion of the court delivered in this case on the first appeal, 54 Hun, 517.)

(3) Appellant's learned counsel complains of certain rulings made by the court during the re-examination of the defendant as a witness in respect to conversations held with his wife in regard to Mary Stuart. Upon looking at the cross-examination made by the appellant's counsel, it appears that he asked defendant as to conversations he had held with his wife with regard to Mary Stuart, and in response to those questions the witness stated that the subject of the relations " between Mary Stuart and Lally was a subject of conversation between " the witness and his wife. It seems that in the redirect examination the court allowed the conversations that had

been inquired into by the appellant's counsel to be stated with a view of explaining the circumstances that had been disclosed in the course of the cross-examination. In doing so we think the court did not violate the rules of evidence.

In *Blumenthal* v. *Bloomingdale* (100 N. Y. 561) the defendant, in the course of the cross-examination, drew out a negotiation, and in the redirect examination the witness was allowed to give the whole of the negotiation ; and in the course of the opinion upon that ruling FINCH, J., says: " If they were entitled to part of it, plaintiff might prove the whole to prevent or rebut any adverse or damaging inferences." A somewhat similar ruling was under review in *Simmons* v. *Havens* (101 N. Y. 433), and RAPALLO, J., says that the explanation was properly allowed after the developments made in the cross-examination.

Our attention is called to *The People* v. *Cox* (21 Hun, 47; S. C. affd., 83 N. Y. 610) by the counsel for the appellant. In the course of the opinion delivered by SMITH, J., in that case he said: " Undoubtedly, when a statement forming part of a conversation is given in evidence, whatever was said by the same person in the same conversation that would in any way qualify or explain that statement is also admissible." He then proceeded to show that the rule was inapplicable to the case before the court, as no statement had been made which required any qualification or explanation. Not so in the case before us. The cross-examination had been by the counsel for the plaintiff in respect to a conversation held by the witness as to Mary Stuart, and as to whether he had not made a declaration in connection with her that he would see that Lally " was court-martialed ; " also in respect to " alleged relations between Mary Stuart and Lally." If the declarations called out in the course of the cross-examination had been unexplained, they might have warranted inferences against the witness which his explanation in the course of his re-examination tended to relieve him from.

Numerous other exceptions are found in the record which have received attention, but they present no error that requires us to disturb the verdict or to require comments upon.

Some criticism and complaint of the charge of the learned trial judge is indulged in by the plaintiff's learned counsel. The charge seems to us to have been clear, explicit and ample. We cannot

review the tone or voice, or the "emphasis," used by the learned judge in delivering the same to the jury; nor from a perusal of the charge are we able to say that he "minimized" the plaintiff's case, or "supplied with refined palliatives and excuses" the defendant's case as presented by the evidence.

The judgment and order must be affirmed, with costs.

MARTIN and MERWIN, JJ., concurred.

Judgment and order affirmed, with costs.