## NEALON v. FRISBIE.

(Superior Court of New York City, General Term. January 7, 1895.)

LIBEL AND SLANDER—WORDS ACTIONABLE PER SE.
 It is not actionable per se to say that a woman is a "bitch."

Appeal from special term.

Action by Bridget Nealon against Mortimer A. Frisbie. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed.

For order dismissing appeal from order, see 30 N. Y. Supp. 551.

The action is for slander, and the complaint in these words: "That on or about the 30th day of November, 1893, at the premises No. 228 West Fifty-Ninth street, in the city of New York, the defendant, in the presence and hearing of a number of persons, maliciously spoke concerning the plaintiff the false and defamatory words following, to wit, that he called the plaintiff a 'God damned Irish bitch,' whereby the plaintiff was injured in her reputation to her damage the sum of five thousand dollars." The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The court below overruled the demurrer, and from the interlocutory judgment entered thereon the defendant appeals.

Argued before FREEDMAN and McADAM, JJ.

J. M. Ferguson, for appellant.
P. A. McManus, for respondent.

McADAM, J. The words charged, though opprobrious, do not necessarily impute want of chastity, and are not necessarily actionable

per se.    Phillips v. Baldwin, 8 Wkly. Dig. 194;  Schurick v. Kollman, 50 Ind. 336;  K. v. H., 20 Wis. 239.  And see Anon., 60 N. Y. 262; McMahon v. Hallock (Sup.) 1 N. Y. Supp. 312.  Where words are not actionable per se, and do not on their face convey a slanderous imputation, there must be a preparatory statement of some extrinsic matter, a colloquium connecting it with the words spoken, and an innuendo showing the injurious sense in which they were uttered. 5 Wait, Act. & Def. 744.  It is the office of an innuendo to define the defamatory meaning which the plaintiff sets on the words, to show how they came to have that defamatory meaning, and also to show how they relate to the plaintiff, whenever that is not clear on the face of them.    Odger, Sland. & L. 100, 101.  If the defendant intended by the use of the words in question to impute want of chastity in the plaintiff, and the persons who heard the language understood it in that sense, the fact should have been alleged, so as to exempt the complaint from uncertainty on demurrer.    Vide supra;  Moak, Van Santv. Pl. 428;  Rundell v. Butler, 7 Barb. 260;  Kennedy v. Gifford, 19 Wend. 296;  Wallace v. Bennett, 1 Abb. N. C. 478.  If the sense in which the words were used was disputed or in doubt, the intention conveyed and intended to be conveyed would have gone to the jury for determination.    Hayes v. Ball, 72 N. Y. 418;  Clapp v. Devlin, 35 N. Y. Super. Ct. 170;  Schoonoven v. Beach, 23 Wkly. Dig. 348;  Upton v. Upton, 51 Hun, 184, 4 N. Y. Supp. 936;  Vaus v. Middlebrook, 3 N. Y. St. Rep. 277;  and kindred cases.  The difficulty with the pleading here is that, standing alone, unaided by innuendo making the intention certain, the words charged must receive their ordinary import and meaning, and, so considered, they are not actionable per se, and there is nothing to send to a jury for determination. For these reasons it was error to overrule the demurrer.  It follows that the interlocutory judgment must be reversed, and the demurrer sustained, with liberty, however, to the plaintiff to amend her complaint, on payment, within 20 days, of the costs of the demurrer and of this appeal.