BRIDGET NEALON, Respondent, *v.* MORTIMER A. FRISBIE, Appellant.

(New York Superior Court — General Term, January, 1895.)

The complaint in an action of slander alleged that the defendant, in the presence and hearing of a number of persons, called the plaintiff a God-damned Irish bitch, whereby she was injured in her reputation to her damage, etc. *Held,* that the words charged, although opprobrious, did not necessarily impute want of chastity, and are not necessarily actionable *per se,* and that the complaint was insufficient, in that it did not contain a statement of the conversation preceding the utterance of such words or an innuendo showing the injurious sense in which they were uttered.

The action is for slander, and the complaint in these words : "That on or about the 30th day of November, 1893, at the premises No. 228 West Fifty-ninth street, in the city of New York, the defendant, in the presence and hearing of a number of persons, maliciously spoke concerning the plaintiff the false and defamatory words following, to wit : "That he called the plaintiff a God-damned Irish bitch, whereby the plaintiff was injured in her reputation to her damage the sum of five thousand dollars."

The defendant demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The court below overruled the demurrer, and from the interlocutory judgment entered thereon the defendant appeals.

*J. M. Ferguson*, for appellant.

*P. A. McManus*, for respondent.

McAdam, J.   The words charged, though opprobrious, do not necessarily impute want of chastity, and are not necessarily actionable *per se*.   *Phillips* v. *Baldwin*, 8 Wkly. Dig. 194 ; *Schurick* v. *Kollman*, 50 Ind. 336 ; *K—— v. H——*, 20 Wis. 239, and see *Anonymous*, 60 N. Y. 262 ; *McMahon* v. *Hallock*, 15 N. Y. St. Repr. 828.   Where words are not actionable *per se*, and do not, on their face, convey a slanderous imputation, there must be a preparatory statement of some extrinsic matter, a colloquium connecting it with the words spoken, and an innuendo showing the injurious sense in which they were uttered.   5 Wait's Act. & Def. 744.   It is the office of an innuendo to define the defamatory meaning which the plaintiff sets on the words, to show how they came to have that defamatory meaning, and also to show how they relate to the plaintiff whenever that is not clear on the face of them. Odgers on Slander, 100, 101.

If the defendant intended, by the use of the words in question, to impute want of chastity in the plaintiff, and the persons who heard the language understood it in that sense, the fact should have been alleged so as to exempt the complaint from uncertainty on demurrer.   *Vide supra ;* Moak's Van Santvoord's Pl. 428 ; *Rundell* v. *Butler*, 7 Barb. 260 ; *Kennedy* v. *Gifford*, 19 Wend. 296 ; *Wallace* v. *Bennett*, 1 Abb. N. C. 478.   If the sense in which the words were used was disputed or in doubt, the intention conveyed and intended to be conveyed would have gone to the jury for determination. *Hayes* v. *Ball*, 72 N. Y. 418 ; *Clapp* v. *Devlin*, 35 N. Y. Super. Ct. 170 ; *Schoonoven* v. *Beach*, 23 Wkly. Dig. 348 ; *Upton* v. *Upton*, 51 Hun, 184 ; *Vaus* v. *Middlebrook*, 3 N. Y. St. Repr. 277, and kindred cases.

The difficulty with the pleading here is that, standing alone, unaided by innuendo making the intention certain, the words charged must receive their ordinary import and meaning, and, so considered, they are not actionable *per se*, and there is nothing to send to a jury for determination.

For these reasons it was error to overrule the demurrer.   It follows that the interlocutory judgment must be reversed and

the demurrer sustained, with liberty, however, to the plaintiff to amend her complaint, on payment within twenty days of the costs of the demurrer and of this appeal.

FREEDMAN, J., concurs.

Interlocutory judgment reversed and demurrer sustained, with leave to plaintiff to amend on payment of costs of demurrer and of appeal.