(45 Misc. Rep. 292.)

### KENWORTHY v. BROWN.

(Supreme Court, Trial Term, Rockland County. November, 1904.)

**1. SLANDER—INNUENDO—APPEAL.**
In slander, when the words are capable of two meanings, slanderous or otherwise, the slanderous meaning must be alleged by an innuendo.
[Ed. Note.—For cases in point, see vol. 32, Cent Dig. Libel and Slander, §§ 205, 206.]

**2. SAME—WORDS IMPUTING WANT OF CHASTITY.**
Calling a woman a "low woman" and a "half negress," does not impute a want of chastity.

Action by Hattie G. Kenworthy against Louise Brown. Judgment for defendant.

The allegation of the complaint is that the defendant spoke of the plaintiff as follows: "You are only a low woman, you are a half negress"; innuendo, thereby imputing unchastity to her.

A. S. Tompkins, for plaintiff.

White & Case, for defendant.

GAYNOR, J. Hemmens v. Nelson, 138 N. Y. 517, 34 N. E. 342, 20 L. R. A. 440, is not in point. The trouble there was that the complaint did not contain an innuendo, which is always necessary in the case of words capable of two meanings, one slanderous and the other not. In such cases the slanderous meaning must be singled out and alleged by an innuendo, i. e. a special allegation of the complaint. This is only a question of pleading. The present case is different. There is an innuendo alleging the meaning of the words to be an imputation of unchastity. The question therefore is whether the words are capable of such a meaning. They are not, and their meaning cannot be enlarged by an innuendo. These rules are too familiar to bear citation by a trial judge.

Judgment for the defendant.