### MacINTYRE v. FRUCHTER.

(Supreme Court, Special Term, Orange County. July 23, 1914.)

1. LIBEL AND SLANDER (§ 6*)—WORDS SLANDEROUS PER SE.

Calling a woman a "dirty bitch" is not slanderous per se; the words not importing unchastity.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 3–16; Dec. Dig. § 6.*]

2. LIBEL AND SLANDER (§ 6*)—WORDS LIBELOUS PER SE.

The words "black leg" and "swindler" are not slanderous per se, and so a charge that plaintiff was a "damn black leg" and "swindler" is not libelous per se, not charging a crime.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 3–16; Dec. Dig. § 6.*]

3. LIBEL AND SLANDER (§ 6*)—WORDS SLANDEROUS PER SE.

A statement that a woman was only fit for negroes to associate with and only worked for negroes in the South is not slanderous per se, not charging unchastity or a crime.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 3–16; Dec. Dig. § 6.*]

Action by Belle MacIntyre against Phillip Fruchter. On demurrer to the complaint. Demurrer sustained.

Henry Kohl, of Newburgh, for plaintiff.
Hirschberg & Hirschberg, of Newburgh, for defendant.

TOMPKINS, J. The demurrer to the complaint must be sustained.
The words alleged to have been spoken by the defendant of and concerning the plaintiff, to wit:

"You are a dirty bitch; (reiterated several times) you are a dirty lousy blackguard and a swindler. You are only fit for niggers to associate with and only worked for niggers in the South"—

would have been libelous per se, had they been written or printed, but, having been spoken only, are not slanderous per se, because they do not charge or import the commission of a crime by the plaintiff, and do not impute unchastity to her. There is no claim that the words were calculated to injure the plaintiff in any trade, nor is there any allegation of special damage. Hence the complaint does not state a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cause of action for slander, unless the words charge a crime or impute unchastity.

[1] The decisions in this and other states are many, to the effect that calling a person a "bitch" or a "dirty bitch" is not slanderous per se, and that such words do not import unchastity. Nealon v. Frisbie, 11 Misc. Rep. 12, 31 N. Y. Supp. 856; Phillipe v. Baldwin, 8 Wkly. Dig. 194; Schurick v. Kollman, 50 Ind. 336.

[2] The words a "black leg" and "swindler" have been held to be not slanderous per se. Chase v. Whitlock, 3 Hill, 139; Cyc. vol. 25, p. 225, etc.

There are other cases holding that to charge one with being a "cheat" and a "damn black leg" and a "swindler" is not slanderous unless used in connection with one's business or trade.

[3] The words "lousy blackguard" no more charge or import a crime than do the words "cheat" or "black leg." The words, "You are only fit for niggers to associate with, and only worked with niggers in the South," do not impute unchastity.

In the case of Kenworthy v. Brown, 45 Misc. Rep. 292, 92 N. Y. Supp. 34, the language was: "You are only a low woman. You are a half negress." And it was held on demurrer to the complaint that the language used did not impute unchastity. The language in that case was as strong and as susceptible of an inference of unchastity as the language in the case at bar, which in my opinion is not capable of such a meaning.

The demurrer must be sustained, and judgment given to the defendant, with costs.