### PAYNE, Agent, et al. v. TISDALE.
### (No. 2430.)

(Court of Civil Appeals of Texas. Texarkana. May 26, 1921.)

1. **Assault and battery ⬥38—Damages cannot be recovered for insulting words used at the time of the assault.**

Where defendant's employee used insulting words and epithets to plaintiff at the time when plaintiff was on the premises of defendant to send a telegram, and it appeared that the assault did not cause any fright, or physical injury, no recovery can be had for the humiliation resulting from the insulting words.

2. **Railroads ⬥281(1)—Railroad not responsible for station agent's assault on sender of telegram.**

Where plaintiff went to defendant's railroad station for the purpose of sending a telegraphic message, the station agent being the operator, and an altercation and assault resulted when the demand of the agent that plaintiff dismiss an action which as attorney he had brought against the railroad company was refused, defendant was not responsible, as such demand was not within the scope of the agent's employment.

Appeal from District Court, Red River County; Ben H. Denton, Judge.

Action by A. C. Tisdale against John Barton Payne, Agent, and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Head, Dillard, Smith, Maxey & Head, of Sherman, and A. S. Dodd, of Clarksville, for appellants.

Keeney & Dalby, of Texarkana, for appellee.

HODGES, J. This appeal is from a judgment for damages in favor of the appellee, Tisdale, against John Barton Payne, govern-

ment agent in charge of litigation against railroads, and J. A. Robinson, who was a local agent of the Texas & Pacific Railway Company. In his amended original petition the appellee alleged that in November, 1920, he went to the railway depot at Detroit, in Red River county, for the purpose of sending a telegraphic message; that Robinson was the agent of the telegraph company and of the railroad company at that place. After delivering the message to Robinson the latter, acting for himself and as the agent of the telegraph company and also of the Director General, demanded of plaintiff to know if he was going to withdraw a suit which the plaintiff had theretofore filed against the Director General; and without any just cause or excuse Robinson wrongfully and maliciously rushed upon him with his fist drawn, cursed and abused the plaintiff in the presence of others. It was further alleged that Robinson followed plaintiff from the premises, cursing, abusing, and threatening to inflict serious bodily injuries upon him, in the presence of a number of other people. He averred that as a result plaintiff was frightened, greatly humiliated, insulted, and distressed, and has suffered great mental pain and anguish. No battery was alleged, or physical injury claimed. The plaintiff testified, in substance, that he visited the depot at the time mentioned for the purpose of sending a telegraphic message; that while on the premises Robinson, the agent of the telegraph company and of the railway company, demanded to know when he, the plaintiff, was going to dismiss a certain lawsuit which the plaintiff as an attorney had filed for another party in an effort to recover damages for the loss of a trunk; that he told Robinson he had no authority to dismiss the suit, and did not intend to do anything. In reply Robinson said, "Yes you are," and came around in front of him, drew his fist back and said, "I have a good notion to knock hell out of you, you God dern little devil." Plaintiff put up his hand and replied, "You can't afford to hit me." Robinson then said, "If you don't quit meddling with me and my business I will slap hell out of you." Plaintiff says he was humiliated and hardly knew what to do; that he was not able to fight, and besides he was not disposed to fight—was not of the fighting kind. After sending the telegram substantially the same insults were repeated by Robinson. This occurred in the presence of a number of other people. Testimony was offered by the defendants tending to show that no such violent language was used; that while Robinson and the plaintiff did have a controversy regarding a suit which had been filed, no insulting words were used by Robinson, and no effort was made by him to strike the plaintiff, nor any threatening gestures indicating such an intention.

The case was submitted on special issues. The first question was:

"Do you find by a preponderance of the evidence that the defendant, J. A. Robinson, assaulted or abused the plaintiff, A. C. Tisdale, as set out in paragraph 3 of the plaintiff's petition?"

This question was followed by the statutory definition of an assault. To this the jury answered, "Yes." In another paragraph the court submitted the issue of damages, and instructed the jury that in assessing damages they might take into consideration any mental suffering or humiliation which was caused to the plaintiff by any "assault or abuse, if there was any." Under other provisions of the charge the jury was authorized to determine whether or not Robinson was acting within the scope of his authority either as a telegraph agent or the railway agent. The finding was such that the telegraph company was eliminated from the suit, and a joint judgment for the sum of $300 was rendered against Robinson and the Director General. Both Robinson and the federal agent have appealed.

[1] The first group of assigned errors complain of the action of the court in authorizing and rendering judgment for damages resulting from the humiliation and mental anguish caused by the abusive language employed by Robinson on that occasion. The contention is that mere abusive language is not sufficient to form the basis of a judgment for actual damages. Under the charge of the court the jury was authorized and did take into consideration abusive language in assessing the damages for which judgment was rendered. We think the objection made should be sustained. It is apparent from the record that the principal grievance of which the appellee complains resulted from the insulting language used by Robinson. We are not called upon to determine the question of liability for the demonstration claimed to be an assault. An illegal assault not amounting to a battery may, under certain conditions, result in physical injuries for which a civil action would lie. But in this instance the appellee does not testify that he experienced any fright or sustained any physical injury. The only mental disturbance of which he complains is humiliation and shame, evidently produced by the insulting language used in the presence of other people. That such sensations cannot be made the basis of a suit for damages is supported by the following cases: Sisler v. Mistrot, 192 S. W. 565, 567; Railway v. Trott, 86 Tex. 412, 25 S. W. 419, 40 Am. St. Rep. 866; Brooker v. Silverthorne, 111 S. C. 553, 99 S. E. 350, 5 A. L. R. 1283; Williams v. Riddle, 145 Ky. 459, 140 S. W. 661, 36 L. R. A. (N. S.) 974, Ann. Cas. 1913B, 1151; Kenworthy v. Brown, 45 Misc. Rep. 292, 92 N. Y. Supp. 34; Republic Iron & Steel Co. v. Self, 192 Ala. 403, 68 South. 628, L. R. A. 1915F, 516, 519; Rankin v. Railway, 58 S. C. 532, 36 S. E. 997; Kramer v. Ricksmeier, 159 Iowa, 48, 139 N. W. 1091, 45 L. R.

A. (N. S.) 928; Roberts v. Ramsey, 86 Ga. 432, 12 S. E. 644; Robertson v. Edelstein, 104 Wis. 440, 80 N. W. 724; Ritchie v. Stenius, 73 Mich. 563, 41 N. W. 687; Melvin v. Weiant, 36 Ohio St. 184, 38 Am. Rep. 572; Fawsett v. Clark, 48 Md. 494, 30 Am. Rep. 481.

[2] We are also of the opinion that there was no legal ground in the evidence for a judgment against the Director General. The appellee did not visit the depot for the purpose of transacting any business with the railway company, but to send a telegraphic message. In the altercation which arose Robinson was not acting in furtherance of any duty he owed to the railroad company. While the latter may have been benefited by a dismissal of the suit which provoked the difficulty, Robinson had not been commissioned to have that suit withdrawn. What he said and did were obviously beyond the scope of his authority. His employer was not therefore bound for the consequences of his unlawful conduct in such an authorized undertaking. The offensive transaction was clearly a private altercation between appellee and Robinson. Grubb v. Railway Co., 153 S. W. 694, and cases cited. We therefore conclude that the judgment should be reversed and here rendered, acquitting the railway company of any liability, and that the judgment against Robinson should be reversed and remanded for the reasons previously stated.

